UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO.   8:08-cr-92-T-23MAP
                                                                  8:10-cv-2350-T-23MAP
EDGARDO MARTINEZ-CASTILLO
_____/


**O R D E R**

Martinez's amended motion to vacate under 28 U.S.C. § 2255 (Doc. 1)

challenges the validity of his convictions both for conspiring to possess with the

intent to distribute cocaine while aboard a vessel and for possessing with the intent to

distribute cocaine while aboard a vessel.  Martinez pleaded guilty without the benefit

of a plea agreement.  Martinez serves 168 months imprisonment.[1]  Martinez

unsuccessfully challenged the reasonableness of the sentence on appeal.  (Doc. 224 in

08-cr-92)  The United States admits that the motion to vacate is timely.  Response

at 5 (Doc. 6)

The amended motion to vacate asserts fours grounds.  Martinez asserts in the

first ground that trial counsel rendered ineffective assistance and in the second

ground that appellate counsel rendered ineffective assistance.  Martinez alleges in the

---

[1] Martinez's favorable sentence includes application of the "safety valve."

third ground that the United States concealed favorable evidence and in the fourth

ground that the district judge "engaged in impermissible intervention in the plea

process."  The amended motion to vacate is primarily a compilation of conclusory

allegations and misstatements about the record.  Although the motion alleges one

claim that challenges the district court's jurisdiction – an issue which was debatable

when the motion to vacate was prepared – the claim lacks merit under *United States v.*

*Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012).

### FACTS

During the plea colloquy the United States provided the following factual

statement, which Martinez specifically accepted as accurate (Doc. 200 at 15-17 in 88-

cr-92):

> On February 24th, 2008, while on routine parole, the United
> States Coast Guard Cutter "Dauntless" received information
> from a P-3 aircraft regarding a vessel located approximately
> twenty nautical miles north of San Andreas Island and a
> hundred and twenty nautical miles north of San Blas, Panama.
>
> The vessel, the *Miss Alyssa*, a seventy-eight-foot fishing vessel,
> was observed by the aircraft traveling north-west toward
> Nicaragua or Honduras. The vessel was flying a Columbian
> flag from its mast, and a Honduran flag from the stern. The
> vessel was intercepted by the Coast Guard Cutter "Dauntless,"
> and the master claimed Honduran nationality.
>
> The master further claimed that the purpose of the voyage was
> fishing; however, the depth of the water, the targeted species,
> and the condition of the fishing gear was not consistent with
> this claim.
>
> Upon contact with the Honduran authorities, the vessel was
> deemed to be a vessel subject to the jurisdiction of the United

States. A boarding team from the United States Coast Guard Cutter "Forward" located a concealed compartment on the vessel at starboard midship which contained thirty point five bales, or approximately . . . five hundred and eighty-seven kilograms of cocaine.

The defendants agreed with each other to possess with intent to distribute this cocaine. That is, they agreed together and with others to transport the cocaine on the vessel from Columbia to another location where the cocaine would be delivered to others. All defendants were eventually brought into the United States in the Middle District of Florida.

## GROUNDS ONE AND TWO
## INEFFECTIVE ASSISTANCE OF COUNSEL

Martinez claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Martinez must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Martinez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

- 4 -

*Strickland* also governs an ineffective assistance of appellate counsel claim. A petitioner fails to prove the deficient performance prong by showing that appellate counsel omitted an issue on appeal. Counsel need not raise every non-frivolous issue. *Jones v. Barnes*, 463 U.S. 745 (1983); *Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001) (*citing Barnes*). An appellate advocate provides effective assistance by winnowing the possible appellate claims and advancing the claims most likely to prevail:

> It is difficult to win a *Strickland* claim on the grounds that appellate counsel pressed the wrong legal arguments where the arguments actually pursued were reasonable in the circumstances. We have emphasized that even in a death penalty case, counsel must be "highly selective about the issues to be argued on appeal . . . ." *United States v. Battle*, 163 F.3d 1, 1 (11th Cir. 1998). The district court, having considered the record and [appellate counsel]'s testimony during the state post-conviction proceeding, found that [appellate counsel] had carefully considered many of the claims now raised in appeal, but ultimately chose to pursue the claims he felt were most likely to prevail and winnow out the arguments he thought were less persuasive.

*Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001), *cert. denied* 535 U.S. 926 (2002). *See also Eagle*, 279 F.3d at 940 ("[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues.").

Martinez's two grounds of ineffective assistance of counsel assert factually unsupported allegations of trial and appellate counsel's "collusion," incompetence,

- 5 -

and legal ignorance.[2]  The only allegation that warrants discussing is whether the district court lacked jurisdiction.  Martinez alleges that both trial and appellate counsel failed to challenge the district court's jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10.  *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248-49 (11th Cir. 2012), explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power:  the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed.  57 (1820). The first two grants of power are not implicated here: piracy is, by definition,

---

[2]  For example, Martinez alleges – without factual antecedent – that appellate counsel "clearly demonstrated [a] lack of understanding of the law, resulting in affirmation of [*sic*] appeal, and prejudice to movant, as well as a miscarriage of justice" because "the docketing statement provided to the Appeals Court reveals gaps in the numbers" and appellate counsel did not explain "gaps in his docketing statement . . . ." Apparently, the "gaps" refer to docket numbers for filings that pertain to Martinez's co-defendants and him. Martinez's unsupported allegations are not limited to only the claims of ineffective assistance of counsel. The amended motion to vacate, including the portion of the attached memorandum entitled "Discussion," contains many "buzz words," such as "collusion" (more than half of the pages in the memorandum contain this word at least once), "contempt of court," "threats," "incompetent counsel," "fraud upon the court," and "fraudulent concealment." These unsupported allegations merit no discussion. Any claim not specifically addressed in this order is denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), *cert. denied*, 513 U.S. 1162 (1995).

Martinez discloses that he prepared neither the amended motion to vacate nor the attached memorandum but that each was prepared by his "legal consulting investigator," whom Martinez also calls his "legal consultant." This same individual obviously prepared a nearly identical, conclusory, and factually unsupported motion to vacate for a defendant in an unrelated case, *United States v. Renteria,* 8:10-cv-2378-T-23TBM, which motion includes the same misspelled words.

robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant – the Offences Clause – as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" authorizes the

MDLEA for drug activity that occurs within a foreign country's territorial water.

"Because drug trafficking is not a violation of customary international law, we hold

that Congress exceeded its power, under the Offences Clause, when it proscribed the

defendants' conduct in the territorial waters of Panama."   700 F.3d at 1258. *Hurtado*

is inapplicable to Martinez.  When he pleaded guilty, Martinez agreed with the

accuracy of the prosecutor's Rule 11 factual predicate that states the vessel's

location – "twenty nautical miles north of San Andreas Island and a hundred and

twenty nautical miles north of San Blas, Panama."  This places the vessel

approximately one hundred miles east of Nicaragua, which is unquestionably both in

international water and not in a country's territorial water.  "International water" is

all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273

(11th Cir. 2003).  At sentencing Martinez accepted the same fact statement when he

accepted the statement of facts in paragraphs eight through ten of the pre-sentence

report.  (Doc. 188 at 6 in 08-cr-92)  As a consequence, Martinez's jurisdictional

argument lacks merit.

**GROUNDS THREE AND FOUR**

In ground three Martinez alleges that the Assistant United States Attorney "failed in his duty to disclose *Brady* material, to wit, a copy of the registry of the *Miss Alyssa*."  Martinez claimed both Honduran nationality and Honduran registry for the vessel *Miss Alyssa*.  In response to the motion to vacate the United States provides a certification from the Commander of the United States Coast Guard that certifies that "the Government of Honduras waived objection to the enforcement of U.S. laws by the United States with respect to the fishing vessel *Miss Alyssa*, including its cargo and all seven persons onboard." (Exhibit 1 ¶ 4b, Doc. 6)  As a consequence, the United States has jurisdiction over the vessel to enforce the laws of the United States.

Martinez complains that the Consulate General of Honduras was not informed about his arrest in violation of the Vienna Convention on Consular Relations.  First, the Vienna Convention creates no individual right.  "[T]he Vienna Convention itself disclaims any intent to create individual rights, stating that its purpose 'is not to benefit individuals but to ensure the efficient performance of functions by consular posts.'"  *United States v. Duarte-Acero*, 296 F.3d 1277, 1280-81 (11th Cir.) (quoting the preamble to the Vienna Convention), *cert. denied*, 537 U.S. 1038 (2002).  Second, Martinez waived this claim when he pleaded guilty.  A guilty plea waives a non-jurisdictional defect, as *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), explains:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction, including a claim of ineffective assistance of counsel.[3] *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), *cert. denied*, 555 U.S. 857 (2008). Additionally, because his guilty plea was without a plea agreement and without waiving his appellate rights, Martinez procedurally defaulted this claim by not asserting it on direct appeal. *See Breard v. Greene*, 523 U.S. 371, 375 (1998) ("[W]hile we should give respectful consideration to the interpretation of an international treaty rendered by an international court with jurisdiction to interpret such, it has been recognized in international law that, absent a clear and express statement to the contrary, the procedural rules of the forum State govern the implementation of the treaty in that State."). *See also Maharaja v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1321 (11th Cir. 2005) (following *Breard* in applying a procedural bar to a claim under the Vienna Convention). Lastly, Martinez shows no prejudice based his not consulting with the Consulate General of Honduras. *See Breard*, 523 U.S. at 377 ("Even were Breard's Vienna Convention claim properly raised and proved, it is extremely doubtful that the violation should result in the

---

[3] This waiver includes the conclusory allegation of counsel's ineffectiveness for neither securing a preliminary hearing nor preserving Martinez's "rights to inspect the records of the grand jurors . . . ."

overturning of a final judgment of conviction without some showing that the violation had an effect on the trial.").

In ground four Martinez alleges that the district court "engaged in impermissible intervention in the plea process . . . when he threatened movant with life in prison . . . ."  Martinez cites the "Notice of Essential Elements, Penalties, and Factual Basis" (Doc. 84 in 08-cr-92) as the threat of life imprisonment.  The notice was filed by the United States, not the district judge.  The transcript of the plea hearing shows that Martinez voluntarily pleaded guilty and that he was not coerced into pleading guilty.  (Doc. 200)  Moreover, Martinez pleaded guilty before the magistrate judge and not the district judge, who was not involved in Martinez's plea colloquy at re-arraignment.

Accordingly, the amended motion to vacate under 28 U.S.C. § 2255 (Doc. 4) is **DENIED**.  The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Martinez is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Martinez must show that reasonable jurists would find debatable both (1) the

merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Martinez is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Martinez must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 28, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE